**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

REBECCA RODRIGUEZ,

       Plaintiff,

vs.                                                                                                Civ. No. 09-472 RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

    1.  THIS MATTER comes before the Court upon Plaintiff's Motion to Remand or Reverse Decision of the Commissioner ("Motion to Remand"), filed January 20, 2010 **[Doc. 16]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") on Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. Plaintiff alleges that she became disabled on August 15, 2005, due to "[r]uptured dics [sic] in back." (Administrative Record ("AR") at 61). Plaintiff's date of birth is September 15, 1981. (AR at 61). Plaintiff completed ninth grade[1] and has worked in the past as a candy wrapper, inventory specialist and sales associate. (AR at 70, 74).

    2.  Following an administrative hearing, the Administrative Law Judge ("ALJ") issued a decision on June 6, 2008 finding that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 15, 2005 through the date of this decision." (AR at 16 ¶ 11). On March 9, 2009, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final decision of the Commissioner. (AR at 2). Plaintiff now seeks

---

[1] Plaintiff testified that she has obtained a GED. (AR at 294).

review of that final decision pursuant to 42 U.S.C. §405(g).

3.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  See id.; 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  See id. (citations omitted).

4.  At the first four levels of the evaluation, the claimant must show:  (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past.  At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work.  See Thompson, 987 F.2d at 1487 (citations omitted).

5.  In this case, the ALJ found that because Plaintiff has the RFC "to perform a limited range of sedentary work," (AR at 13 ¶ 5), she "is unable to perform any [of her] past relevant work," (AR at 15 ¶ 6).  However, the ALJ determined at step five that Plaintiff is not disabled because she "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (AR at 16).

6.  Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ erred "in not discussing the medical evidence and opinion of Robert Pennington,

M.D."; and (2) the ALJ erred "in not considering the affect [sic] Ms. Rodriguez's obesity had on her pain."  (Plaintiff's Memorandum in Support of Motion to Remand ("Memo") at 1, filed Jan. 20, 2010 **[Doc. 17]**).

7.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  See Thompson, 987 F.2d at 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  See id. (citation omitted).

### *First Alleged Error - the ALJ's consideration of medical evidence and opinion*

8.  Plaintiff's argues that the ALJ erred because he failed to properly consider the medical reports and opinions of Dr. Pennington in his decision.  (Memo at 8 (alleging that the ALJ "only discussed the April 17, 2007 EMG that Dr. Pennington performed on Ms. Rodriguez") (citing AR at 14)).  Plaintiff correctly notes that the ALJ specifically referenced only one report by Dr. Pennington.  Moreover, the ALJ misstated the record in finding that it "shows [Plaintiff] has not received any treatment since May 28, 2007."  (AR at 14).  Contrary to the ALJ's finding, the record reveals that, after May 28, 2007 and before the date of the administrative hearing (December 5, 2007), Plaintiff was examined and/or treated by either Dr. Pennington or Dr. Alexander on at least six (6) separate occasions.[2]  The Court finds that the ALJ erred in disregarding and/or failing to consider all of the medical evidence and/or medical

---

[2](See AR at 123 (exam on Jun. 23, 2007 by Dr. Alexander); AR at 125 (exam on Jul. 27, 2007 by Dr. Pennington); AR at 126 (epidural steroid injection on Jul. 31, 2007 by Dr. Pennington); AR at 128 (exam on Sept. 19, 2007 by Dr. Alexander); AR at 129 (neurolysis of epidural adhesions on Oct. 16, 2007 performed by Dr. Pennington); AR at 130 (neurolysis of epidural adhesions on Oct. 17, 2007 performed by Dr. Alexander)).

opinions available to him.

9. "The ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence." Spicer v. Barnhart, 64 Fed.Appx. 173, 178, 2003 WL 21000999, at **5 (10th Cir. May 5, 2003) (not selected for publication) (citing Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Moreover, the ALJ is required to "evaluate every medical opinion" he receives.[3] 20 C.F.R. § 404.1527(d); see also Conkle v. Astrue, 297 Fed.Appx. 803, 805, 2008 WL 4726234, at **2 (10th Cir. Oct. 28, 2008) (not selected for publication). While an ALJ is not required to *discuss* every piece of evidence, "[t]he record must demonstrate that the ALJ *considered* all of the evidence." Clifton, 79 F.3d at 1009-10 (citation omitted; emphasis added). Here, the ALJ's decision indicates that he did not consider all of the medical evidence, specifically the medical evidence of Plaintiff's condition and/or treatment after May 28, 2007.[4]

10. Defendant argues that "the ALJ noted that he considered the relevant medical evidence." (Response to Plaintiff's Motion to Remand at 4, filed Mar. 29, 2010 **[Doc. 18]**). The Court acknowledges the ALJ's statements that he "careful[ly] consider[ed] . . . *all* the evidence"

---

[3]"Medical opinions are statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

[4]For example, the ALJ cited Dr. Alexander's report of May 28, 2007 indicating that Plaintiff "had a relatively good gait." (AR at 14). However, beginning on July 27, 2007, both Drs. Alexander and Pennington describe Plaintiff's gait as "mildly antalgic." (See AR at 125, 128). On October 16, 2007, Dr. Pennington reported that after initially obtaining "some good response . . . [Plaintiff's] pain has now returned and has become nearly incapacitating." (AR at 129). The ALJ did not mention or discuss any of these post-May 28, 2007 reports.

and "*all* medical opinions of record in this case." (AR at 10, 15 (emphasis added)).[5] However, the ALJ's erroneous statement that Plaintiff received no treatment since May 28, 2007, coupled with a failure to mention any medical evidence after that date "certainly does not 'demonstrate that he considered all of the evidence.'" Conkle, 297 Fed.Appx. at 806 (quoting Clifton, 79 F.3d at 1009). "Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand." Baker v. Bowen, 886 F.2d 289, 291 (10th Cir. 1989) (citation omitted).

*Conclusion*

Under the circumstances, this Court can neither meaningfully review the ALJ's decision nor weigh the evidence in the first instance,[6] thus, this matter must be remanded to the Commissioner to consider and discuss the evidence in accordance with the appropriate legal standards. Because this matter is remanded for a consideration of all the evidence, the Court need not address Plaintiff's remaining allegations of error at this time. The Commissioner should conduct additional proceedings, as necessary, following an appropriate consideration of the evidence.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand or Reverse Decision of the Commissioner **[Doc. 16]** is **granted** and this matter is **remanded** for further proceedings

---

[5]The Court notes that while the ALJ stated he had considered all medical opinions, including those of "any treating and consultative examining physicians[,]" (AR at 15), the ALJ neither identified Plaintiff's treating and consultative examining physicians, nor indicated what weight he assigned to their opinions.

[6]See, e.g., Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting the general rule against post hoc justification of administrative action (citation omitted)).

consistent with this opinion, to include:

    (A)    a proper consideration and discussion of the evidence, in accordance with the appropriate legal standards; and

    (B)    additional proceedings, as necessary, following a proper consideration of all the evidence.

*/s/ Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE